United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFREDO ELI RAMOS MANCIA,

Petitioner,

v.

WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,

Respondents.

Case No. 1:26-cv-05418-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Alfredo Eli Ramos Mancia filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* ECF No. 1 at 17. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States in 2014 as a minor and has been living in the United States for the last twelve years. ECF No. 7-1 at 2. He does not allege having involvement with immigration authorities prior to his current detention, and it appears that his recent arrest was his first encounter with them. On April 6, 2026, Petitioner was detained by ICE when he was released from Glades County Jail after an arrest for driving without a license. *Id.* Records submitted by Respondents indicate that Petitioner has had several other criminal convictions, including two for driving under the influence. *Id.* at 3. Petitioner has remained detained since his arrest and has not been provided a bond hearing.

Many prior orders within this district are dispositive on the issues raised in the Petition—specifically, whether Petitioner may be held without the opportunity for release on bond under § 1225(b), or if § 1226(a) controls his detention, which provides for such relief. *See, e.g.*, *Rodriguez Vazquez, v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) ("we conclude that aliens

present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); *Salgado v. Warden, Golden State Annex,* No. 1:26-CV-03498-NW, 2026 WL 1354728, at *3 (E.D. Cal. May 14, 2026); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases); *Gutierrez v. Chesnut*, No. 1:25-CV-1515-DAD-AC, 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); *Beltran v. Noem*, No. 25-CV-2650-LL-DEB, 2025 WL 3078837, at *7 (S.D. Cal. Nov. 4, 2025) ("Petitioners' detention, as noncitizens present in the United States without being admitted or paroled … and who were residing in the country prior to being charged, is governed by the discretionary detention provision of § 1226(a)"); *Garcia v. Noem*, No. 5:25-CV-02771-ODW-PD, 2025 WL 2986672, at *4 (C.D. Cal. Oct. 22, 2025) ("the statutory text does not support Respondents' contention that § 1225 governs where, as here, an alien is present in the United States without admission"); *Aquino v. LaRose*, No. 25-CV-2904-RSH-MMP, 2025 WL 3158676, at *2 (S.D. Cal. Nov. 12, 2025). Respondents have provided no reason to depart from prior orders findings that § 1226(a) and not § 1225(b) controls detention for individuals, like Petitioner, who have been living in the interior of the country for many years. Accordingly, Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), and otherwise has not been previously detained or interacted with immigration authorities in any way. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June

United States District Court
Eastern District of California

2, 2026) (same). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No. 1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Ixcox Chum v. Lyons*, No. 1:26-CV-02491-KES-EPG, at *1 (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence of Petitioner's criminal convictions suggesting that he may be a danger to the community if released, and Petitioner has not otherwise established that he is entitled to release on due process grounds. Respondents, however, must make this showing of flight risk or danger to the community at a bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part. Within fourteen (14) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

**IT IS SO ORDERED.**

Dated: August 20, 2026

Noël Wise
United States District Judge